```
UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
---------------------------------------------------------X
UNITED STATES OF AMERICA

                -against-                          MEMORANDUM OF
                                                   DECISION & ORDER
TYRONE ROBINSON,                                   16-cr-545(S-1) (ADS)(AYS)

                Defendant.
---------------------------------------------------------X
```

**APPEARANCES:**

**United States Attorney's Office, Eastern District of New York**
610 Federal Plaza
Central Islip, NY 11722
      By:    Allen Lee Bode, Assistant U.S. Attorney

**Federal Defenders of New York, Inc.**
*Attorneys for the Defendant*
770 Federal Plaza
Central Islip, NY 11722
      By:    LaKeytria W. Felder, Esq.,
               Mildred M. Whalen, Esq.,
               Michael Daniel Weil, Esq., Of Counsel

**SPATT, District Judge**:

On October 19, 2016, the Defendant Tyrone Robinson (the "Defendant") was indicted on numerous charges related to a series of violent home invasion robberies. The Government filed a superseding indictment on March 15, 2017. Presently before the Court is a motion by the Government, pursuant to Federal Rule of Criminal Procedure ("FED. R. CRIM. P." or "Rule") 17 to quash four so ordered subpoenas requesting police reports of those robberies from the Nassau County Police Department (the "NCPD") and the Suffolk County Police Department (the "SCPD"). For the following reasons, the Government's motion is granted.

## I. BACKGROUND

### A. The Relevant Facts

The Defendant is charged with numerous crimes stemming from a series of violent home invasion robberies that occurred between August 2015 and May 2016 in Nassau and Suffolk counties. One alleged co-conspirator, Joshua Leader, has been apprehended and charged. Several alleged co-conspirators have not yet been apprehended.

### B. Relevant Procedural History

On February 17, 2017, the Court so ordered three subpoenas requesting "all police reports" for a robbery that allegedly occurred at a specific date, time and place from the NCPD and the SCPD. The subpoenas further instructed the police departments to "[i]nclude Arrest Reports, case, incident and supplemental reports and inventory slips." One of the subpoenas also stated to "include all police contact at this location." On March 13, 2017, the Court so ordered a fourth subpoena which demanded all of the same information for three other alleged robberies.

On March 15, 2017, the Government filed a motion to quash the subpoenas. The Defendant responded on March 22, 2017. On March 29, 2017, the Government filed a reply brief which included affidavits and letters from representatives of the NCPD and SCPD who represented that they joined in the Government's motion to quash the subpoenas.

## II. DISCUSSION

### A. The Relevant Law

Criminal subpoenas are generally governed by Rule 17, which states that "[a] subpoena may order the witness to produce any books, papers, documents, data, or other objects the subpoena designates. The court may direct the witness to produce the designated items in court before trial or before they are to be offered in evidence." FED. R. CRIM. P. 17(c)(1).

Rule 17 also states that

> [a]fter a complaint, indictment, or information is filed, a subpoena requiring the production of personal or confidential information about a victim may be served on a third party only by court order. Before entering the order and unless there are exceptional circumstances, the court must require giving notice to the victim so that the victim can move to quash or modify the subpoena or otherwise object.

*Id.* at (c)(3).

The issuance of Rule 17 subpoenas in criminal cases is governed by the Supreme Court's decision in *United States v. Nixon*, 418 U.S. 683, 94 S. Ct. 3090, 94 L. Ed. 2d 1039 (1974). The *Nixon* Court dealt with subpoenas issued in advance of trial and principally recognized that the Rule 17 subpoena "was not intended to provide a means of discovery for criminal cases." *Id.* at 698. It therefore held that, in order to require production of materials prior to trial, the moving party must show:

> (1) that the documents are evidentiary and relevant; (2) that they are not otherwise procurable reasonably in advance of trial by exercise of due diligence; (3) that the party cannot properly prepare for trial without such production and inspection in advance of trial and that the failure to obtain such inspection may tend unreasonably to delay the trial; and (4) that the application is made in good faith and is not intended as a general fishing expedition.

*Id.* at 699–700 (citing *Bowman Dairy Co. v. United States*, 341 U.S. 214, 220 (1951)). The Court specified that, "[a]gainst this background," the subpoena proponent must "clear three hurdles: (1) relevancy; (2) admissibility; [and] (3) specificity." *Id.* at 700 (emphasis added).

**B. Application to the Facts of this Case**

**1. As to whether the Government has Standing to Challenge the Subpoenas**

The Defendant argues at the outset that the Government does not have standing to challenge the subpoenas because the subpoenas were issued to third parties, and the Government has neither a privilege nor a proprietary interest in the subpoenaed matter. In opposition, the Government contends that it has standing because it has a legitimate interest affected by the

3

subpoenas; and because the NCPD and SCPD joined in the motion. The Court finds that the Government has standing to move to quash the subpoenas.

"Here, the Court finds that the Government has standing to challenge the subpoena because . . . Nassau [and Suffolk] ha[ve] joined in their application and the Government has a legitimate interest in preventing [the Defendant] from using a subpoena to obtain discovery materials that would otherwise be protected from disclosure." *United States v. Vasquez*, 258 F.R.D. 68, 71–72 (E.D.N.Y. 2009) (Spatt, J.) (citing *United States v. Louis,* No. 04 CR 203 (LTS), 2005 WL 180885, at *5 (S.D.N.Y. Jan. 27, 2005) (finding that the Government had standing to quash a subpoena served on the Port Authority where, among other things, the federal prosecution arose out of a Port Authority investigation and the Port Authority joined the Government in seeking to quash the subpoena)).

As the Court stated in *Vasquez*, "regardless of the parties' standing, the Court has an independent duty to review the propriety of the subpoena—a duty in this case that requires the Court to consider whether the documents sought are privileged and whether the subpoena itself comports with the requirements of Rule 17." *Id.* (citing *United States v. Khan,* No. 06-cr-255 (DLI), 2009 WL 152582, at *6 (E.D.N.Y. Jan. 20, 2009) (citing *United States v. Weissman,* No. 01 CR. 529 (BSJ), 2002 WL 31875410, at *1 n.1 (S.D.N.Y. Dec. 26, 2002)) (noting that "[r]egardless of the governments standing, the court has a duty to ensure that subpoenas are issued only for proper purposes and that they are in compliance with Rule 17")).

Therefore, the Court finds that the Government has standing to move to quash the subpoenas. Accordingly, the Court will address the merits of the Government's motion.

### 2. As to Whether the Subpoenas Comport With Rule 17, Nixon and Its Progeny

The Government argues that the subpoenas do not seek admissible evidence or evidentiary material; are overly broad and are therefore a "fishing expedition"; seek information that has already been provided or will be provided in discovery; improperly seek the Defendant's statements; and are government work product. The Defendant states in opposition that police reports may be admissible at trial; the subpoenas are limited in scope to the dates and locations of the robberies; and that the police reports cannot be obtained without a subpoena. In the Court's view, the Defendant's subpoenas are improper because they seek to circumvent the rules of discovery in Rule 16.

"Courts must be careful that rule 17(c) is not turned into a broad discovery device, thereby undercutting the strict limitation of discovery in criminal cases found in FED. R. CRIM. P. 16." *United States v. Cherry,* 876 F .Supp. 547, 552 (S.D.N.Y.1995) (quoting *United States v. Cuthbertson,* 630 F.2d 139, 146 (3d Cir. 1980) (internal quotation marks omitted)); *see also Vasquez*, 258 F.R.D. at 72 ("Courts have been careful to point out that Rule 17(c), by contrast, should not be construed as a broad discovery device." (citing *Cherry,* 876 F. Supp. at 552 (citing *United States v. Marchisio,* 344 F.2d 653, 669 (2d Cir. 1965))). "Instead, Rule 16(a)(1) provides for governmental disclosure of evidence and therefore identifies the types of discovery the Government must disclose upon the Defendant's request. These include: the Defendant's statements and criminal records, document and tangible objects, reports of examinations and tests, and expert witnesses' opinions." *United States v. Jenkins*, No. 02 CR. 1384 (RCC), 2003 WL 1461477, at *4 (S.D.N.Y. Mar. 21, 2003) (citing FED. R. CRIM. P. 16(a)(1)(A)-(E)).

Rule 16(a)(2) precludes disclosure from a subpoena of any reports made by government agents during the course of an investigation or prosecution. Specifically, Rule 16(a)(2) states that:

> this rule does not authorize the discovery or inspection of reports, memoranda, or other internal government documents made by an attorney for the government or other government agent in connection with investigating or prosecuting the case. Nor does this rule authorize the discovery or inspection of statements made by prospective government witnesses except as provided in 18 U.S.C. § 3500.

FED. R. CRIM. P. 16(a)(2). In addition, 18 U.S.C. § 3500 bars the disclosure of any witness statements or reports before trial.

"In order to avoid speculation that the moving party is using Rule 17(c) to circumvent normal discovery requirements, the party's Rule 17(c) subpoena must be able to reasonably specify the information contained or believed to be contained in the documents sought rather than merely hope that something useful will turn up." *United States v. Mendinueta-Ibarro*, 956 F. Supp. 2d 511, 513 (S.D.N.Y. 2013) (quoting *United States v. Louis,* No. 04 Cr. 203, 2005 WL 180885, at *5 (S.D.N.Y. Jan. 27, 2005) (internal quotation marks and alterations omitted)).

Many courts in the Second Circuit have found that reports from local police departments are barred by Rule 16(a)(2). *United States v. Lambus*, No. CR 2015-382 (JBW)(MDG), 2016 WL 4536867, at *2 (E.D.N.Y. Aug. 30, 2016) ("Courts have recognized that [Rule 16(a)(2)] applies beyond federal agents to reports of local law enforcement, even where local or state agents generated their reports independently from any federal investigation."); *United States v. Barrera*, 950 F. Supp. 2d 461, 474-75 (E.D.N.Y. 2013) ("[A]ny incident or arrest reports generated by law enforcement in connection with the case at hand, whether federal or local, are protected from disclosure under Rule 16(a)(2)."); *United States v. Mendinueta-Ibarro*, 956 F. Supp. 2d 511, 514 (S.D.N.Y. 2013) ("The Court agrees that in this case the NYPD should be considered "other agents" within the meaning of Rule 16(a)(2), protecting the documents in question from subpoena."); *United States v. Savoca*, No. 03 CR.841 SCR, 2004 WL 1179312, at *2–3 (S.D.N.Y. Mar. 29, 2004) (finding that local enforcement officers constituted "other agents" within the

meaning of Rule 16(a)(2)); *United States v. Ceballo*, No. 03 CR. 283 (SWK), 2003 WL 21961123, at *1 (S.D.N.Y. Aug. 18, 2003) ("[T]he defendant is not entitled to pre-trial discovery of the NYPD investigatory files and on this ground the subpoena must be quashed."); *United States v. Jenkins*, No. 02 CR. 1384 (RCC), 2003 WL 1461477, at *5 (S.D.N.Y. Mar. 21, 2003) ("Rule 16(a)(2) bars disclosure of reports generated by local law enforcement agents, even when subpoenaed pursuant to Rule 17(c)."); *United States v. Chen De Yian,* 1995 WL 614563, at *1 (S.D.N.Y. Oct. 19, 1995) ("Discovery is barred by Rule 16(a)(2) and that bar cannot be circumvented by a Rule 17(c) subpoena."); *Cherry,* 876 F. Supp. at 551 ("[I]n a federal prosecution based in part upon the investigative efforts of local or state law enforcement agents, Rule 16(a)(2) bars disclosure of reports generated by such agents; and . . . it makes no difference whether the local or state agents generated their reports as part of an independent investigation or during the course of a joint federal operation.").

Therefore, the Court finds that the Defendant's subpoenas are improper because they seek to circumvent Rule 16(a)(2).

For the same reasons, the Defendant's subpoenas fail under *Nixon* and its progeny. First, and most importantly, the Defendant will be able to obtain these documents in advance of trial without the subpoenas. As the police reports sought in the subpoenas are subject to discovery, *Giglio*, *Brady*, *Jencks*, and Section 3500, the documents sought "are [] otherwise procurable reasonably in advance of trial by exercise of due diligence." *Nixon*, 418 U.S. at 499.

Second, the Defendant does not point to what specific admissible evidence he seeks. The Defendant has not made any showing that the requested documents are admissible or relevant. The Defendant's arguments appear to constitute a hope that the documents will be admissible. Furthermore, although there is no per se rule holding that police records will always be

7

inadmissible at trial, *Vasquez*, 258 F.R.D. at 73, the Defendant would have to overcome the fact that "[i]nternal [local police] investigative files are [] hearsay," *Ceballo*, 2003 WL 21961123, at *2. This is supported by the fact that the Defendant's subpoenas are similar to the blanket "any and all" subpoenas that are quashed by courts. *See, e.g., Mendinueta-Ibarro*, 956 F. Supp. 2d at 513 ("Subpoenas seeking 'any and all' materials, without mention of 'specific admissible evidence,' justify the inference that the defense is engaging in the type of 'fishing expedition' prohibited by *Nixon*.").

Therefore, the Defendant's subpoenas are barred by Rule 16, as well as the factors in *Nixon*. Accordingly, the Government's motion to quash is granted.

### III. CONCLUSION

For the foregoing reasons, the Government's motion to quash the subpoenas pursuant to Rule 17(c)(2) is granted. Any material already received by the Defendant as a result of these subpoenas must be returned to the respective police department(s).

**SO ORDERED**

Dated: Central Islip, New York

April 10, 2017

_____/s/ Arthur D. Spatt_____

ARTHUR D. SPATT

United States District Judge

8