UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------------------------------x
UNITED STATES OF AMERICA

                     - against -

TYRONE ROBINSON,

                              Defendant.
----------------------------------------------------------------x

**MEMORANDUM OF DECISION AND ORDER**
16-cr-545-ADS-AYS-1

**APPEARANCES:**

**United States Attorney's Office for the Eastern District of New York**
610 Federal Plaza
Central Islip, NY 11722
    By:    Allen Lee Bode, Assistant United States Attorney

**Law Office of Kevin J. Keating**
*Attorney for the Defendant*
666 Old Country Road
Garden City, NY 11530
    By:    Kevin James Keating, Esq., of Counsel

**SPATT, District Judge:**

On November 1, 2017, this Court granted the portion of the Defendant Tyrone Robinson's (the "Defendant") omnibus motion requesting a suppression hearing regarding the seizure of the Defendant's cell phone during the execution of a parole arrest warrant on June 10, 2016. The Court referred the suppression hearing to Magistrate Judge Anne Y. Shields.

On January 8, 2018, Judge Shields held a suppression hearing, and issued a report and recommendation (the "R&R") on January 16, 2018 recommending that the Defendant's motion to suppress the cell phone be denied.

Presently before the Court are the Defendant's objections to the R&R. For the following reasons, the R&R is adopted in its entirety.

# I. DISCUSSION

For the purposes of the instant decision, the parties familiarity with the facts, procedural history, and the record are presumed. Citations to the suppression hearing transcript are denoted as "Tr."

## A. The Standard of Review

A district court reviewing a magistrate judge's report and recommendation "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1)(C). Parties may raise objections to the magistrate judge's report and recommendation, but they must be "specific," "written," and submitted "[w]ithin 14 days after being served with a copy of the recommended disposition." FED. R. CIV. P. 72(b)(2); *accord* 28 U.S.C. § 636(b)(1)(C). A district court must conduct a *de novo* review of those portions of the R&R or specified proposed findings or recommendations to which timely and proper objections are made. 28 U.S.C. § 636(b)(1)(C); *see also* FED. R. CIV. P. 72(b)(3) ("The district judge may accept, reject, or modify the recommended disposition; receive further evidence; or return the matter to the magistrate judge with instructions."). The district court may adopt those portions of a report and recommendation to which no timely objections have been made, provided no clear error is apparent from the face of the record. *Lewis v. Zon,* 573 F. Supp. 2d 804, 811 (S.D.N.Y. 2008); *Nelson v. Smith,* 618 F. Supp. 1186, 1189 (S.D.N.Y. 1985).

In addition, "[t]o the extent . . . that the party makes only conclusory or general arguments, *or simply reiterates the original arguments*, the Court will review the [R&R] strictly for clear error." *IndyMac Bank, F.S.B. v. Nat'l Settlement Agency, Inc.,* No. 07–CV–6865, 2008 WL 4810043, at *1 (S.D.N.Y. Oct. 31, 2008) (emphasis added); *see also Toth v. N.Y. City Dep't of Educ.*, No. 14CV3776SLTJO, 2017 WL 78483, at *7 (E.D.N.Y. Jan. 9, 2017) ("Reviewing courts

should review a report and recommendation for clear error where objections are merely perfunctory responses, argued in an attempt to engage the district court in a rehashing of the same arguments set forth in the original petition." (quoting *Ortiz v. Barkley,* 558 F. Supp. 2d 444, 451 (S.D.N.Y. 2008))). "The goal of the federal statute providing for the assignment of cases to magistrates is to increase the overall efficiency of the federal judiciary." *McCarthy v. Manson,* 554 F. Supp. 1275, 1286 (D. Conn. 1982), *aff'd*, 714 F.2d 234 (2d Cir. 1983) (quoting *Nettles v. Wainwright,* 677 F.2d 404, 410 (Former 5th Cir. 1982) (*en banc*)) (footnote omitted). "There is no increase in efficiency, and much extra work, when a party attempts to relitigate every argument which it presented to the Magistrate Judge." *Toth*, 2017 WL 78483, at *7 (quoting *Camardo v. Gen. Motors Hourly-Rate Employees Pension Plan,* 806 F. Supp. 380, 382 (W.D.N.Y. 1992)).

**B. Application to the Defendant's Objections**

The Defendant addressed his objections in a letter to Judge Shields. Nevertheless, the Court construes the Defendant's letter as objections addressed to this Court. The Defendant argues that suppression should be granted because the phone was not seized from the Defendant's person by the parole officers; the Defendant's residence was secure before and after parole entered the location, so there was not need to keep the cell phone for safekeeping; the parole officers could not articulate how keeping a cell phone would help the Defendant contact parole; and most importantly, the parole officers were not able to produce any handbook, guideline, or document containing a policy or procedure for safekeeping a cell phone.

Each of these points were raised by the Defendant during oral arguments at the suppression hearing. Counsel for the Defendant stated that:

> "[T]he phone . . . was not on his person. . . . [T]his is a residential apartment with a locked door which was closed behind law enforcement when they left the location. So it was locked when they arrived, closed behind them when they left. When they left the apartment[,] of course[,] there were many personal items left behind in the apartment. [] [T]here was no written guideline, regulation, or policy within the parole which addressed the issue of taking a cell phone found in a premises which here was locked before they arrived, and the door will be closed when they left for safekeeping purposes. . . . [I]t doesn't make any sense . . . that a cell phone would be seized from a premises for safekeeping purposes. [Parole officer] Evans says that it's done so that the parolee can call her upon his release. Well how is he going to call her upon his release if the phone is with her?

Tr. at 87–88.

Judge Shields considered all of these arguments and found that Parole Officer Torres and Evans testified credibly with regards to there being a discretionary policy regarding the seizure of cell phones for safekeeping; that the discretionary policy is reasonably and rationally related to parole officers' duties; and that the parole officers exercise of that discretion here did not violate the Fourth Amendment.

As such, the Defendant's objections merely seek to relitigate the issues presented to Judge Shields, and present the same arguments. Therefore, the Court reviews the R&R for clear error. *See Toth*, 2017 WL 78483, at *7; *IndyMac Bank*, 2008 WL 4810043, at *1. Finding none, the Court adopts the R&R in its entirety. Accordingly, the Defendant's motion to suppress the cell phone is denied.

**SO ORDERED.**

Dated: Central Islip, New York  /s/ Arthur D. Spatt  
February 17, 2018  ARTHUR D. SPATT  
United States District Judge