**FILED**
**CLERK**

10:21 am, Feb 19, 2019

**U.S. DISTRICT COURT**
**EASTERN DISTRICT OF NEW YORK**
**LONG ISLAND OFFICE**

**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF NEW YORK**
----------------------------------------------------------X

UNITED STATES OF AMERICA,

        -against-

TYRONE ROBINSON,

----------------------------------------------------------X

**MEMORANDUM OF**
**DECISION & ORDER**
16-CR-545 (S-3)(ADS)

**APPEARANCES:**

**United States Attorney's Office, Eastern District of New York**
*Attorneys for the United States*
610 Federal Plaza
Central Islip, NY 11722
        By:    Allen Lee Bode, Assistant United States Attorney, Of Counsel.

271 Cadman Plaza East
Brooklyn, NY 11201
        By:    Megan Elizabeth Farrell, Assistant United States Attorney, Of Counsel.

**LaRusso Conway & Bartling LLP**
*Attorneys for the Defendant*
300 Old Country Rd, Suite 341
Mineola, NY 11501
        By:    Robert P. LaRusso, Esq., Of Counsel.

**SPATT, District Judge**:

On November 13, 2018, the Court referred to United States Magistrate Judge Anne Y. Shields the Defendant's motion for a suppression hearing regarding certain evidence seized from a 2016 Black Chrysler Van with New Jersey License M23GCW (the "Rental Van") and a cellphone with the number (718) 350-0346 (the "Roof Cellphone"). Judge Shields conducted the hearing between February 4, 2019 and February 7, 2019. During the hearing, Judge Shields ruled that questions relating to the Defendant's arrest for false personation were not relevant and beyond the scope of the hearing. Presently before the Court is a motion by the Defendant to reopen the hearing and permit the introduction of such evidence. On February 11, 2019, the Court heard oral

1

argument regarding the Defendant's request to reopen the hearing. For the following reasons, the Court denies the Defendant's motion.

As a preliminary matter, the validity of the Defendant's arrest has little to no direct bearing on the issues in the evidentiary hearing. The Court found a hearing warranted to resolve the material factual disputes regarding the circumstances under which the government searched the Rental Van. In particular, the Court was interested in whether the Defendant retained lawful possession and control of the Rental Van, as well as the facts serving as the basis for SCPD's search of the Rental Van. Considering the government does not attempt to justify the search based on any evidence obtained because of the Defendant's arrest, establishing the falsity of his arrest would not shed any light on the issues at play in the evidentiary hearing. This is especially true because the parties appear to agree that the SCPD arrested the Defendant at a separate location from the Rental Van, such that probable cause to search the Rental Van may have existed even if SCPD provided false reasons for his arrest.

The Defendant provides a number of reasons for the relevance of his arrest. These explanations are unpersuasive.

First, the Defendant contends that the false arrest "confirmed" his position that the police lacked probable cause to believe that he was the suspect of the burglary and that the driver of the Rental Van committed the crime. This is a red herring. The Government either did or did not provide facts supporting a probable cause determination. If the Defendant is correct that no such facts exist, then the Defendant would not need to confirm that. Further, the Defendant appears to base his argument on a misunderstanding of the focus of the probable cause determination. In order to justify their search of the Rental Van, SCPD only needed probable cause to believe that the Rental Van contained evidence of the burglary. They did not need to both establish that the

Defendant, in particular, was the suspect, and that he was also the driver of the van. The other theory that the Defendant advances – that SCPD issued a false arrest because it wanted additional time to find probable cause that it lacked – does not hold water, because the Government is not attempting to justify the search based on anything obtained due to detaining the Defendant.

Second, the Defendant contends that the unlawful detention is relevant to resolving the credibility of the hearing witnesses, namely detectives Rall and Callahan. The Defendant's arrest is too tangential to the testimony at issue to justify inclusion on this ground. For the purpose of the relevant issues, the Government only introduced Rall's testimony to establish that he observed the Defendant one mile north of the Rental Van walking away. The alleged falsity of the Defendant's arrest is not relevant to Rall's credibility on this specific issue. As for Callahan, the Defendant provides no explanation why the fact of his arrest would alter Callahan's credibility regarding the search of the vehicle. It appears that the Defendant believes that if Callahan did not see the Defendant's picture on the Roof Cellphone when he recovered it at the scene, then SCPD lacked probable cause to search the Rental Van because they did not know it belonged to the Defendant. The Court has already explained why this argument misstates the probable cause analysis. Regarding the Defendant's argument that Callahan lying about when he viewed observed the Defendant's picture would diminish his credibility, the Court sees no reason why the fact of the Defendant's arrest is necessary to impeach Callahan on the basis of the documentary evidence he cites.

Third, the Defendant contends that evidence of his false arrest will require suppression of any subsequent evidence derived from his arrest. The admissibility of the of the photographs of the Defendant and his statements to the police are entirely outside the scope of hearing provided by the Court. And the Defendant made no mention of his intention to exclude such evidence in

any of the memoranda reviewed by the Court before setting the hearing. If the Defendant wants to try and suppress the evidence stemming from his arrest, the proper course is the filing a new motion supported by an affidavit alleging facts based on personal knowledge. His attempt to shoehorn it into an existing motion on an entirely distinct issue is wholly improper. *See United States v. Perryman*, No. 12-CR-0123, 2013 WL 4039374, at \*6 (E.D.N.Y. Aug. 7, 2013) ("Courts in this Circuit have repeatedly denied motions to suppress without a hearing where defendants have failed to provide affidavits alleging facts based on personal knowledge.").

Finally, the Defendant contends that the Government "opened the door" to the introduction of evidence of his arrest by eliciting testimony that he matched the description of the suspect. Although the Court agrees that the Government's questions exceeded the scope of Judge Shields's directive, it does not believe that this misstep justifies reopening the entire hearing, as the Defendant only cites one question about an issue collateral to the overall purpose of the hearing.

Therefore, the Court denies the Defendant's request to re-open the hearing. The parties are directed to submit memoranda setting forth their positions on the timeliness of a new motion to suppress based on the Defendant's false arrest accusations no later than February 27, 2019.

It is **SO ORDERED**:

Dated: Central Islip, New York

February 19, 2019

_____/s/ Arthur D. Spatt__

ARTHUR D. SPATT

United States District Judge