FILED
CLERK
4:31 pm, Mar 01, 2019
U.S. DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
LONG ISLAND OFFICE

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
---------------------------------------------------------X
UNITED STATES OF AMERICA,

        -against-                              MEMORANDUM OF
                                             DECISION & ORDER
TYRONE ROBINSON,                      16-CR-545 (S-3)(ADS)

---------------------------------------------------------X

**APPEARANCES:**

**United States Attorney's Office, Eastern District of New York**
*Attorneys for the United States*
610 Federal Plaza
Central Islip, NY 11722
        By:    Allen Lee Bode, Assistant United States Attorney, Of Counsel.

271 Cadman Plaza East
Brooklyn, NY 11201
        By:    Megan Elizabeth Farrell, Assistant United States Attorney, Of Counsel.

**LaRusso Conway & Bartling LLP**
*Attorneys for the Defendant*
300 Old Country Rd, Suite 341
Mineola, NY 11501
        By:    Robert P. LaRusso, Esq., Of Counsel.

**SPATT, District Judge**:

        Pursuant to Federal Rule of Criminal Procedure ("Rule") 12(c)(1), the Court set the deadline for the filing of pretrial motions at August 14, 2018. Presently before the Court is the Defendant's request for leave to file a new motion to suppress, based upon evidence he discovered during his preparation for a hearing on another motion to suppress. The Defendant admits that the motion is untimely but contends that the Court should nevertheless entertain the motion for good cause. For the following reasons, the Court denies the Defendant's request.

# I.  BACKGROUND

On May 8, 2017, the Defendant's initial counsel moved to suppress testimony regarding not only police officers' identification of the Defendant after the March 26, 2016 burglary but also the Defendant's statements to the police that night. ECF 65. In support of that motion, defense counsel claimed that there was neither probable cause nor reasonable suspicion to stop the Defendant, and that "the Defendant denies providing any false information and says he only provided his true name and date of birth." *Id.* at 1-2.

On November 1, 2017, the Court denied this motion on the ground that that the Defendant "failed to provide sworn statements of fact disputing the Government's version of events." ECF 84 at 18-19. The Court also addressed the merits of the Defendant's motion and determined that the officers had reasonable suspicion to stop and interrogate the Defendant.

On March 9, 2018, the Defendant's current counsel, Robert LaRusso, Esq., became the Defendant's attorney of record. At a status conference on July 10, 2018, Mr. LaRusso indicated that he wished to evaluate and consider additional suppression motions on Robinson's behalf. The Court granted this request, setting a deadline of August 1, 2018, which the Court ultimately extended to August 14, 2018.

On August 14, 2018, the Defendant filed a new set of motions, seeking suppression of (1) evidence seized from a 2016 black Chrysler rental van located on March 26, 2016 by the Suffolk County Police Department ("SCPD") near the crime scene at 147 Smith Road, Lake Grove, New York (the "Rental Van"); (2) a cellphone SCPD seized from the crime scene roof (the "Roof Cellphone"); and (3) various evidentiary items seized in connection with search warrants, which the Defendant asserted were untruthful, thus meriting a *Franks* hearing. ECF 131. In support of this motion, the Defendant filed an accompanying affidavit, in which the Defendant referred to the

March 26, 2016 stop, stating: "On or about March 26, 2016, I was driving a 2016 Black Chrysler Van with New Jersey license M23GCW (the "Vehicle") with the permission of the individual who leased the van; after I parked the van in a public area, I was arrested by the Suffolk County Police Department" ("SCPD"). ECF 132.

On November 12, 2018, the Court ordered a hearing in connection with two issues: first, "the circumstances under which the SCPD discovered and searched the Rental Van"; and second, "the location of the Roof Cellphone at the time of its recovery." ECF 158 at 7, 22, 25.

On February 5 and 7, 2019, United States Magistrates Judge Anne Y. Shields conducted a suppression hearing in this regard. During the hearing, the Defendant sought to introduce evidence that the SCPD arrested him on March 26, 2016 under false pretenses as a means of diminishing the credibility of testifying officers at the hearing. Judge Shields precluded the admission of such evidence, because it was outside the scope of the hearing.

On February 9, 2019, the Defendant moved before the Court to reopen the hearing before Judge Shields so that he could introduce such evidence. In this motion, the Defendant mentioned that at trial he would seek to exclude certain pre- and post-arrest statements he made to the arresting officers, namely that (1) he falsely claimed he had a fight with his girlfriend and jumped out of his car with no belongings and (2) he gave a false date of birth.

On February 18, 2019, the Court affirmed Judge Shields's decision that the Defendant's false arrest was irrelevant to the issues in the limited hearing. However, the Court directed the parties to submit memoranda regarding the timeliness of a new motion to suppress based on the Defendant's false arrest accusations.

## II. DISCUSSION

Pursuant to Rule 12(c)(1), the Court may "set a deadline for the parties to make pretrial motions and may also schedule a motion hearing." Rule 12(c)(3) states that "if a party does not meet the deadline for making a Rule 12(b)(3) motion, the motion is untimely. But a court may consider the defense, objection, or request if the party shows good cause." Defense counsel admits that his motion is untimely but submits that good cause for untimeliness is present. ECF 192 at 5. The Court finds no good cause exists justifying consideration of his admittedly untimely motion.

According to defense counsel, "the primary reason for finding good cause to file the untimely motion is the recent discovery of convincing and credible evidence" in the form of computer records showing that the SCPD lied about the factual basis for his charge of false personation. ECF 192 at 6. He explains that at the time that he filed his suppression motions he "lacked convincing, credible and unimpeachable evidence" that SCPD lied, and thus was convinced that the only evidence in his possession – the Defendant's testimony – was "insufficient to sustain [the] burden at a suppression hearing." *Id.* at 192 at 6-7. Now with the computer records in hand, defense counsel would like to advance this theory.

The Court disagrees that the discovery of favorable evidence constitutes cause for excusing defense counsel's conscious decision to forego filing a motion to suppress before the deadline set by the Court. In his own words, defense counsel possessed full knowledge of the basis for making the motion when he made his decision but chose not to present it based on his assessment of its likelihood of success. Put another way, he made a strategic decision not to advance the Defendant's motion, and now regrets not doing so because he is more confident in his chances than he was at the time. However, the law is clear that the strategic decisions of counsel cannot establish cause under Rule 12(c)(3). *See United States v. Yousef*, 327 F.3d 56, 124–25 (2d Cir. 2003) ("A strategic

decision by counsel not to pursue a claim, inadvertence of one's attorney, and an attorney's failure to timely consult with his client are all insufficient to establish cause.'"); *United States v. Reid*, No. 12-CR-200-A, 2014 WL 1338811, at *2–3 (W.D.N.Y. Mar. 28, 2014) (denying motion to excuse untimeliness of motion to suppress based on inadvertence of the defendant's attorney).

Importantly, this is not a situation where the Defendant did not know of the basis for his motion before the deadline expired, only to discover of its existence after it was too late. In such circumstances, the Court would not hesitate to grant the Defendant's motion. Indeed, the "[a]nalysis of whether a suppression claim has been preserved focuses" on "whether the particular ground for suppression pressed later could have been, but was not, advanced prior to" the expiration of the Court-mandated guidelines. *See United States v. Nayyar*, 221 F. Supp. 3d 454, 461–63 (S.D.N.Y. 2016),

Here, the Defendant knew of the basis of his suppression motion at the moment of his arrest – *i.e.*, the issue became ripe the second the SCPD arrested him for false personation after he allegedly gave them the correct date of birth. Illustrating as much, the Defendant raised this very allegation in a motion to suppress a year and a half ago, which the Court denied due to his failure to submit a supporting affidavit. Not only did the Defendant fail to renew his previous motion with such an affidavit, but he also filed a supporting affidavit describing the circumstances of his arrest in connection with his other motions to suppress that made no mention of his supposedly false arrest. Therefore, while the Court is sympathetic to the potential for prejudice, the Court cannot find a basis for excusing his and his attorney's willingness to forego raising the issue during the timeline provided by the Court.

Accordingly, the Court finds no good cause exists justifying the filing of an untimely motion to suppress.

5

## III.  CONCLUSION

For the foregoing reasons, the Court denies the Defendant leave to file a motion to suppress based on his alleged false arrest.

It is **SO ORDERED**:

Dated:  Central Islip, New York

March 1, 2019

                                             /s/ Arthur D. Spatt

                                             ARTHUR D. SPATT

                                             United States District Judge